IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

RACHEL C.,[1]

        Plaintiff,

    v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

        Defendant.

Case No. 6:23-cv-00530-MC

OPINION AND ORDER

MCSHANE, Judge:

Plaintiff Rachel C. brings the instant action for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act (the "Act"). This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). Plaintiff argues the Administrative Law Judge ("ALJ") erred by (1) failing to evaluate the persuasiveness of the medical opinion evidence and improperly discounting medical opinions; (2) failing to provide clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony; and (3) failing to provide reasons supported by substantial evidence in the record to dismiss the lay testimony in this case Pl.'s Br. 4–5, ECF No. 12.

For the reasons discussed below, the Commissioner's decision is REVERSED and this

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case and any immediate family members of that party.

matter is REMANDED for calculation and award of benefits.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff applied for DIB and SSI on February 28, 2020, alleging disability since April 22, 2019. Tr. 356–63.[2] The Social Security Administration initially denied her claim and again upon reconsideration. Tr. 266–86. On January 13, 2022, Plaintiff appeared before the Honorable Joyce Frost-Wolf for a hearing on her claim. Tr. 165–91. The ALJ denied Plaintiff's claim by written decision on February 22, 2022. Tr. 50–61. Plaintiff sought review from the Appeals Council, which denied her appeal on February 6, 2023, and rendered the ALJ's decision final. Tr. 1. Plaintiff now seeks judicial review of the ALJ's decision. ECF No. 1.

Plaintiff has a high school diploma and has past relevant work experience as a barber. Tr. 59, 382. Plaintiff's disability claim is based on the severe impartments of brain injury ("TBI"), neurocognitive disorder, and depressive disorder. Tr. 52. The ALJ found Plaintiff had no impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Tr. 54. After formulating Plaintiff's residual functional capacity ("RFC"), the ALJ determined jobs existed in significant numbers in the national economy that Plaintiff could perform. Tr. 60–61. As a result, the ALJ determined Plaintiff was not disabled under the Act since her application date. *Id.*

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) (reaffirming the substantial evidence

---

[2] "Tr." refers to the Transcript of Social Security Administrative Record provided by the Commissioner. ECF No. 7-1.

standard in social security cases). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989) (citing *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986)). "'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720–21 (9th Cir. 1998)).

## DISCUSSION

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). The burden of proof rests on the claimant for steps one through four, and on the Commissioner for step five. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner's burden is to demonstrate that the claimant can make an adjustment to other work existing in significant numbers in the national economy after considering the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is considered disabled. *Id.* If, however, the Commissioner shows that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953–54.

The ALJ found that Plaintiff had the following severe impairments: traumatic brain injury

(TBI), neurocognitive disorder, and depressive disorder. Tr. 52. The ALJ found Plaintiff had an RFC encompassing the following capabilities (Tr. 55):

> [S]tand and/or walk for a total of combined time of 4 hours in a workday. The claimant can occasionally perform pushing or pulling. The claimant can occasionally utilize ramps or stairs but cannot use ladders, ropes or scaffolding. The claimant cannot perform balancing on uneven, narrow or slippery surfaces. The claimant can occasionally perform stopping, crouching, kneeling, or crawling. The claimant can frequently perform reaching with the left upper extremity. The claimant can frequently perform handling and fingering. The claimant cannot work in environments with exposure to heavy machinery with fast-moving part or at unprotected heights. The claimant can understand and remember simple, routine tasks. The claimant can maintain attention and concentration for simple, routine tasks. The claimant can perform tests that do not require public interaction but can tolerate occasional public contact. The claimant can perform tasks that do not require teamwork with occasional coworker contact. The claimant can have occasional supervision for periods other than those of instruction.

On review, Plaintiff raises three issues:

1. Whether the ALJ erred in articulating her evaluation of the persuasiveness of the medical opinion evidence, and whether the improperly discounted medical opinions should be fully credited as true.

2. Whether the ALJ erred in rejecting Plaintiff's subjective symptom testimony, and whether that evidence should be fully credited as true.

3. Whether the ALJ erred in dismissing the written lay testimony, and whether that evidence should be fully credited as true.

The Court addresses the issues in turn. Because the Court finds the ALJ erred in evaluating Plaintiff's subjective symptom testimony, the Court declines to reach the issue of lay testimony. Remand is appropriate in this case.

## I.    **Medical Opinion Evidence**

Plaintiff argues the ALJ erred in articulating her evaluation of the persuasiveness of the medical opinions of Plaintiff's neuropsychologist, Andrea Jackson, PhD, as well as social workers

Heather Krimsly, LCSW, and Vickie Larson-Hills, MSW, LCSW. Pl.'s Br. 6. Under current regulations for evaluating medical opinions, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 416.920c(a). Instead, the ALJ must evaluate all medical opinions and prior administrative medical findings for persuasiveness. 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b). In doing so, an ALJ considers the following factors: (1) supportability, as shown by relevant evidence and explanation; (2) consistency with the record as a whole; (3) the relationship between the source and the claimant; (4) specialization; and (5) other factors, including the source's familiarity with other information in the record. 20 C.F.R. § 416.920c(b)(2). The "most important factors" for evaluating the persuasiveness of medical opinions are "supportability" and "consistency." 20 C.F.R. § 404.1520c(a); *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022). An ALJ's decision discrediting a medical opinion "must simply be supported by substantial evidence." *Woods*, 32 F.4th at 787.

### A. **Dr. Jackson**

Plaintiff contends the ALJ erred by not evaluating the persuasiveness of neuropsychologist Dr. Andrea Jackson's opinion of Plaintiff's health. Pl. Br. 8; Tr. 536. Defendant does not contest the ALJ did not reference to Dr. Jackson's report, but maintains the ALJ was not required to evaluate Dr. Jackson's report because it is not a "medical opinion" as defined by the revised regulations. Def.'s Br. 9, ECF No. 14. A medical opinion is "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in specific, work-related areas of functioning. 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). By contrast "judgments about the nature and severity of

[a claimant's] impairments" as well as a claimant's clinical findings, medical history, diagnosis, or prognosis, are considered "other medical evidence." 20 C.F.R. §§404.1513(a)(3), 416.913(a)(3).

In September 2019, Dr. Jackson conducted a neuropsychological evaluation on Plaintiff for her history of mild-complicated traumatic brain injury. Tr. 532–35. Dr. Jackson also administered a clinical interview and several psychometric tests on Plaintiff. *Id.* Dr. Jackson concluded Plaintiff's results were "consistent with good cognitive recovery from TBI," "continued recovery is expected," and offered recommendations to mitigate Plaintiff's difficulties. Tr. 535–36. Dr. Jackson emphasized "the testing situation is designed to be optimal in terms of providing a relatively quiet and structured environment that is often more ideal than in daily life, and [Plaintiff] may experience greater cognitive problems outside the testing session." Tr. 535.

Dr. Jackson did not offer a medical opinion the ALJ was required to evaluate. Contrary to Plaintiff's suggestion (Pl.'s Reply 3, ECF No. 15), nowhere in her discussion of Plaintiff's test results did Dr. Jackson "indicate that [Plaintiff] is incapable of working *except* under the recommended conditions" or controlled conditions of the testing situation. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 691 (9th Cir. 2009).[3] Dr. Jackson determined only that Plaintiff "may" have reduced cognitive functions outside an ideal testing environment and ultimately found Plaintiff's cognitive function performance was largely within normal limits across all domains tested, including processing speed, attention, executive abilities, language, visioperception, learning, memory, and fine motor dexterity. Tr. 535. Accordingly, Dr. Jackson neither made a diagnosis nor a statement of Plaintiff's functional capacity and the ALJ did not err by failing to consider Dr. Jackson's opinion in constructing the RFC.

---

[3] *Valentine* was decided under previous regulations; however, current regulations define "medical opinion" more narrowly than previous iterations. 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2).

**B. <u>Ms. Krimsly and Ms. Larson-Hills</u>**

In December 2021 and January 2022, social workers Heather Krimsly and Vickie Larson-Hills provided written statements noting Plaintiff had substantial emotional lability where "[she] can be doing fine one day and be completely emotionally and/or physically incapacitated the next." Tr. 1249. They noted Plaintiff's symptoms were exacerbated by stress and fatigue. Tr. 1250. Ms. Larson-Hills, who had treated Plaintiff for sixteen months, opined, "Due to extreme fatigue, short- and long-term memory loss, [Plaintiff] cannot maintain even the lowest stress environment. Her forgetfulness [and] social interaction stress would impede a relationship with supervisors to be successful." Tr. 1254. In particular, she stated, "[Plaintiff] does not meet important deadlines for payments of bills or completion of important documents." Tr. 1259. She opined Plaintiff would be off task at least 15% of a workday due to memory loss, extreme fatigue, and uncontrollable laughter, and would miss more than four workdays per month due to her condition. Tr. 1259–60.

The ALJ's determination of the social workers' opinions as unpersuasive was supported by substantial evidence. The ALJ reasoned the social workers' opinions speaking to "extreme psychological disruptions resulting in an inability to sustain employment" lacked supportability and were inconsistent with the record. Tr. 59. The ALJ pointed to above average neuropsychological test scores acknowledged in Ms. Krimsly's treatment notes, examinations by Plaintiff's neurologist indicating that, despite limitations, Plaintiff had intact speech and language, as well as other medical reports suggesting Plaintiff had made progress. *Id.* This discussion provides substantial evidence evincing lack of support for the social workers' opinions and for their inconsistency with other evidence in the medical record. *See Woods*, 32 F.4th at 793–94. Though Plaintiff suggests a different interpretation could be supported by substantial evidence

(*e.g.*, Pl.'s Reply 4), the Court's role is not to "substitute its judgment" for that of the ALJ when the evidence could reasonably support a different outcome. *Reddick*, 157 F.3d at 720–21. Plaintiff points to evidence in the record arguably bolstering the persuasiveness of the social workers' opinions (Pl.'s Br. 12–13), but it is for the ALJ to review the record to resolve conflicts or ambiguities in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ did so here in a reasonable manner. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

The ALJ also "acknowledge[d] social workers are not acceptable medical sources" (Tr. 59), but without reviewing this statement, the Court is satisfied with the ALJ's articulation of the persuasiveness of the social workers' opinions based on the supportability and consistency factors.

## II.   <u>Subjective Symptom Testimony</u>

Plaintiff next argues the ALJ failed to give clear and convincing reasons for discounting Plaintiff's subjective symptom testimony. Pl.'s Br. 15–20. "An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible." *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ determines, "whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (internal citations and quotations omitted). If the first step is satisfied, and the ALJ finds no evidence of malingering, the ALJ next determines the intensity and persistence of symptoms by considering "all of the available evidence from . . . medical sources and nonmedical sources." 20 C.F.R. § 404.1529(c)(1). "[T]he ALJ can reject the claimant's testimony about the severity of [their] symptoms *only* by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1015 (emphasis added).

Specific, clear and convincing reasons are those which "identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick*, 157 F.3d at 722 (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

The ALJ found Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 57–58. The ALJ reached this conclusion, because. "[o]verall, . . . [Plaintiff's] statements [are] generally inconsistent with the evidence of record." *Id.* However, such a blanket statement, supported by a summary of medical and other evidence "is not the same as providing clear and convincing *reasons* for finding the claimant's symptom testimony not credible." *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015); *see* Tr. 56–58. Though the Commissioner identifies three reasons for discounting Plaintiff's testimony, including improvement with treatment, inconsistency with objective medical evidence, and Plaintiff's activities of daily living (Def.'s Br. 3–5), the Court cannot rely on post hoc reasoning to uphold the ALJ's decision. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009); *Brown-Hunter*, 806 F.3d at 492 (stating reviewing court is "constrained to review the reasons the ALJ asserts").

Even if the Court accepts the ALJ adequately "show[ed] [her] work," *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022), the ALJ's discounting of Plaintiff's symptom testimony for the reasons advanced by the Commissioner is not supported by substantial evidence. First, the Commissioner argues the ALJ's summary of Plaintiff's medical records shows improvement with treatment. "Cycles of improvement and debilitating symptoms are a common occurrence, and . . . it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Garrison*, 759 F.3d at 1017. Here, to the extent the ALJ evaluated Plaintiff's improvement, the ALJ made

this very error. The ALJ's summary singles out signs of improvement and does not address the longitudinal record as whole. *See* Tr. 55–59. The record shows Plaintiff alleged limitations from her accident that caused her to suffer from emotional lability, fatigue, and sometimes presenting as tearful and frustrated. Tr. 542, 962, 930, 1050, 1052, 930, 1079, 1082. Plaintiff also reported to the ALJ that she would feel fatigued after doing some work around the house and had to segment chores due to fatigue. Tr. 178. The ALJ addressed only medical reports that found Plaintiff to be alert and oriented and relied on neurologist findings Plaintiff had made "remarkable" progress early in her recovery progress when she could spell "WORLD" forward and backward. Def.'s Br. 12–13. The ALJ's approach to Plaintiff's improvement does not amount to a clear and convincing reason for discounting Plaintiff's testimony.

The Commissioner next argues "objective medical evidence did not support additional limitations." Def.'s Br. 10. However, lack of corroboration by objective medical evidence is not a clear and convincing reason to reject symptom testimony on its own. *See Trevizo v. Berryhill*, 871 F.3d 664, 679 (9th Cir. 2017); *Smartt*, 53 F.4th at 498 (holding ALJ may discredit subjective testimony "[w]hen objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony" (emphasis in original)).

Finally, the Commissioner states Plaintiff's testimony is undermined by her activities of daily living. To "conclude that a claimant's daily activities warrant an adverse credibility determination," the ALJ must make specific findings that (1) the activities contradict the Plaintiff's testimony or (2) that the activities "meet the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). In formulating the RFC, the ALJ noted Plaintiff was able to "spend time with friends/family, visit a prison in another state, care for animals, cut hair on appointment and work[] in her yard." Tr. 57–58. However, the ALJ did not explain how these

minimal activities as actually performed by Plaintiff contradict her testimony or translate to competitive employment. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996) ("The Social Security Act does not require that [plaintiffs] be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication."). Plaintiff's visit to the prison was a one-off activity, she was driven by another person, and her symptoms worsened on the trip. Tr. 1108. Plaintiff also testified she struggled to complete her household chores (Tr. 405) and reported difficulty sustaining her activities without frequent rest (Tr. 178). She suffered visual hallucinations when she became fatigued. Tr. 913. Because the ALJ failed to articulate specific reasons Plaintiff's activities contradict her testimony and support her ability to work, the ALJ erred by rejecting Plaintiff's subjective symptom testimony without clear and convincing reasons supported by substantial evidence.

## III.    Remedy

Because the ALJ erred, the question is whether to remand for further administrative proceedings or an award of benefits. Courts have discretion to remand a case either for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292 (citing *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989)). Generally, "when an ALJ's denial of benefits is not supported by the record, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Hill*, 698 F.3d at 1162 (quoting *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004)). However, an award of benefits can be directed "where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292. Remand for calculation of benefits is only appropriate where the credit-as-true standard has been satisfied, which requires:

(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison*, 759 F.3d at 1020.

This is a rare instance where remand for an award of benefits is appropriate. Here, Plaintiff satisfies all three requirements. The record is fully developed and there are no ambiguities that further administrative proceedings need resolve. As explained above, the ALJ erred in discrediting Plaintiff's subjective symptom testimony without providing clear and convincing reasons for doing so. Credited as true, Plaintiff's testimony combined with the vocational expert's testimony establish Plaintiff is disabled under the Act. In particular, the vocational expert testified that a worker who is off-task 20% of the time would be unable to maintain competitive employment. Tr. 61. The ALJ's error was not harmless. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). Therefore, considering the record, the Court sees no purpose for further proceedings in this case.

## <u>CONCLUSION</u>

The Commissioner's decision is REVERSED and this matter is REMANDED for calculation and award of benefits. Final judgment shall be entered accordingly.


IT IS SO ORDERED.

DATED this 30th day of January 2026.

s/ Michael J. McShane
Michael J. McShane
United States District Judge